## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>JOEL MARTIN EVANS,<br><br>            Defendant. | Case No. 2:24-CR-00595-JWH-4<br><br>**PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING PERSONAL IDENTIFYING INFORMATION AND CONFIDENTIAL INFORMANT OR WITNESS INFORMATION** |

The Court has read and considered the parties' Stipulation for a Protective Order Regarding Discovery Containing Personal Identifying Information and Confidential Informant or Witness Information, filed by the Government and Defendant Joel Martin Evans ("<u>Defendant</u>") in this matter on February 6, 2025, which this Court incorporates by reference into this order, and for good cause shown the Court hereby **FINDS** and **ORDERS** as follows:

1. The Government's discovery in this case relates to Defendant's alleged crimes, that is, violations of 18 U.S.C. § 1349 (Conspiracy to Commit Wire Fraud); 18 U.S.C. § 371 (Conspiracy); and 18 U.S.C. § 1028A(a)(1) (Aggravated Identity Theft).

2. A protective order for the discovery is necessary so that the Government can produce to the defense materials regarding confidential informant(s) or cooperating witness(es) who participated in the Government's investigation and/or who may testify at trial. Because these materials could be used to identify the confidential informant(s) or cooperating witness(es), the Court finds that the unauthorized dissemination or distribution of the materials may compromise the ability of such persons to participate effectively in investigations or may expose him/her to potential safety risks.

3. A protective order for the discovery is also necessary so that the Government can produce to the defense materials containing third parties' and victims' PII. The Court finds that disclosure of this information without limitation risks the privacy and security of the information's legitimate owners. Because the Government has an ongoing obligation to protect third parties' and victims' PII, the Government cannot produce to Defendant an unredacted set of

2

discovery containing this information without this Court entering the Protective Order.  Moreover, PII makes up a significant part of the discovery in this case and such information itself, in many instances, has evidentiary value.  If the Government were to attempt to redact all this information in strict compliance with Federal Rule of Criminal Procedure 49.1, the Central District of California's Local Rules regarding redaction, and the Privacy Policy of the United States Judicial Conference, the defense would receive a set of discovery that would be highly confusing and difficult to understand, and it would be challenging for Defense Counsel to adequately evaluate the case, provide advice to Defendant, or prepare for trial.

4.  The purpose of this Protective Order is therefore:

   a.  to allow the Government to comply with its discovery obligations while protecting this sensitive information from unauthorized dissemination; and

   b.  to provide the defense with sufficient information to adequately represent Defendant.

5.  Accordingly, the discovery that the Government will provide to Defense Counsel in the above-captioned case will be subject to this Protective Order, as follows:

   a.  As used herein, "CI Materials" includes any information relating to a confidential informant's or cooperating witness's prior history of cooperation with law enforcement, statements, or any other information that could be used to identify a confidential informant or cooperating witness, such as a name, moniker, image, address, date of birth, or unique personal identification number, such as a

Social Security number, driver's license number, account number, or telephone number.

    b.    As used herein, "PII Materials" includes any information that can be used to identify a third-party person or victim, including a name, address, date of birth, Social Security number, driver's license number, telephone number, account number, email address, or personal identification number.

    c.    "Confidential Information" refers to any document or information containing CI Materials and PII Materials that the Government produces to the defense pursuant to this Protective Order and any copies thereof.

    d.    "Defense Team" includes:

        i.    Defendant's counsel of record ("<u>Defense Counsel</u>");

        ii.   other attorneys at Defense Counsel's law firm who may be consulted regarding case strategy in this case;

        iii. defense investigators who are assisting Defense Counsel with this case;

        iv.   retained experts or potential experts; and

        v.    paralegals, legal assistants, and other support staff to Defense Counsel who are providing assistance on this case.

The Defense Team does not include Defendant, Defendant's family members, or any other associates of Defendant.

    e.    The Government is authorized to provide Defense Counsel with Confidential Information marked with the following legend: "CONFIDENTIAL INFORMATION—CONTENTS SUBJECT TO

4

PROTECTIVE ORDER." The Government may put that legend on the digital medium (such as DVD or hard drive) or simply label a digital folder on the digital medium to cover the content of that digital folder. The Government may also redact any CI or PII materials contained in the production of Confidential Information.

 f. If Defendant objects to a designation that material contains Confidential Information, the parties shall meet and confer. If the parties cannot reach an agreement regarding Defendant's objection, Defendant may apply to this Court to have the designation removed.

 g. Defendant and the Defense Team shall use the Confidential Information solely to prepare for any pretrial motions, plea negotiations, trial, and sentencing hearing in this case, as well as any appellate and post-conviction proceedings.

 h. The Defense Team shall not permit anyone other than the Defense Team to have possession of Confidential Information, including Defendant, while outside the presence of the Defense Team.

 i. Defendant may review the Confidential Information only in the presence of a member of the Defense Team, who shall ensure that Defendant is never left alone with any Confidential Information. At the conclusion of any meeting with Defendant at which Defendant is permitted to view Confidential Information, Defendant must return any Confidential Information to the Defense Team, and the member of the Defense Team present shall take all such materials with him or her.

j. Defendant may see and review Confidential Information as permitted by this Protective Order, but Defendant may not copy, keep, maintain, or otherwise possess any Confidential Information in this case at any time. Defendant also may not write down or memorialize any data or information contained in the Confidential Information.

k. The Defense Team may review Confidential Information with a witness or potential witness in this case. Defense Counsel must be present whenever any CI Materials are being shown to a witness or potential witness. A member of the Defense Team must be present if PII Materials are being shown to a witness or potential witness. Before being shown any portion of Confidential Information, however, any witness or potential witness must be informed of, and agree in writing to be bound by, the requirements of the Protective Order. No member of the Defense Team shall permit a witness or potential witness to retain Confidential Information, or any notes generated from Confidential Information.

l. The Defense Team shall maintain Confidential Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by:

    i. not permitting anyone other than members of the Defense Team, Defendant, witnesses, and potential witnesses, as restricted above, to see Confidential Information;

    ii. not divulging to anyone other than members of the Defense Team, Defendant, witnesses, and potential witnesses, the contents of Confidential Information; and

        iii. not permitting Confidential Information to be outside the Defense Team's offices, homes, vehicles, or personal presence.

    m. To the extent that Defendant, the Defense Team, witnesses, or potential witnesses create notes that contain, in whole or in part, Confidential Information, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Confidential Information subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

    n. The Defense Team shall use Confidential Information only for the litigation of this matter and for no other purpose. Litigation of this matter includes any appeal filed by Defendant and any motion filed by Defendant pursuant to 28 U.S.C. § 2255. In the event that a party needs to file Confidential Information with the Court or divulge the contents of Confidential Information in court filings, the filing should be made under seal. If the Court rejects the request to file such information under seal, the party seeking to file such information publicly shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention. If the other party does not object to the proposed filing, the party seeking to file such information shall redact any Confidential Information and make all reasonable attempts to limit the divulging of Confidential Information.

     o.   Any Confidential Information inadvertently produced in the course of discovery prior to entry of the Protective Order shall be subject to the terms of this Protective Order. If Confidential Information was inadvertently produced prior to entry of the Protective Order without being marked "CONFIDENTIAL INFORMATION—CONTENTS SUBJECT TO PROTECTIVE ORDER," the Government shall reproduce the material with the correct designation and notify Defense Counsel of the error. The Defense Team shall take immediate steps to destroy the unmarked material, including any copies.

     p.   If any Confidential Information contains both CI Materials and another category of Confidential Information, the information shall be handled in accordance with the CI Materials provisions of this Protective Order.

     q.   Confidential Information shall not be used by any member of the Defense Team, in any way, in any other matter, absent an order by this Court. All materials designated subject to the Protective Order maintained in the Defense Team's files shall remain subject to the Protective Order unless and until such order is modified by this Court. Within 30 days of the conclusion of appellate and post-conviction proceedings, Defense Counsel shall return CI Materials to the Government or certify that such materials have been destroyed. Within 30 days of the conclusion of appellate and post-conviction proceedings, Defense Counsel shall return all PII Materials, certify that such materials have been destroyed, or certify that such materials are being kept pursuant to the

California Business and Professions Code and the California Rules of Professional Conduct.

r.   In the event that there is a substitution of counsel prior to when such documents must be returned, new Defense Counsel must be informed of, and agree in writing to be bound by, the requirements of the Protective Order before Defense Counsel transfers any Confidential Information to the new Defense Counsel.  New Defense Counsel's written agreement to be bound by the terms of the Protective Order must be returned to the Assistant U.S. Attorney assigned to the case.  New Defense Counsel then will become the Defense Team's custodian of materials designated subject to the Protective Order and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for:

   i.   returning to the Government, certifying the destruction of, or retaining pursuant to the California Business and Professions Code and the California Rules of Professional Conduct all PII Materials; and

   ii.  returning to the Government or certifying the destruction of all CI Materials.

s.   Defense Counsel shall advise Defendant and all members of the Defense Team of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing Defendant and members of

the Defense Team with access to any materials subject to the Protective Order.

**IT IS SO ORDERED.**

| February 7, 2025 | /s/ J.E. Holcomb |
|---|---|
| DATE | HONORABLE JOHN W. HOLCOMB<br>UNITED STATES DISTRICT JUDGE |